No. 21662.

STANLEY MANUEL GARCIA *v.* THE DISTRICT COURT OF THE CITY AND COUNTY OF DENVER, AND THE HON. JAMES C. FLANAGAN, ONE OF THE JUDGES THEREOF.

(403 P.2d 215)

Decided June 21, 1965.

GELT & GROSSMAN, HERBERT H. GALCHINSKY, for complainant.

WILLIAM L. RICE, for respondents.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, GEORGE E. DEROOS, Assistant, appearing at request of this Court.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

THE immediate issue posed by this original proceeding is whether the Denver District Court has jurisdiction to try one Stanley Manuel Garcia, age fifteen, on criminal charges of murder and conspiracy to commit murder. The broader issue concerns the jurisdiction of the Denver Juvenile Court.

On February 18, 1965, Garcia filed an original proceeding in this Court, naming as respondents the Denver District Court and the Honorable James C. Flanigan,

one of the judges thereof. In this proceeding Garcia sought the issuance of a rule directing the respondents to show cause, if such they had, why they should not be enjoined and prohibited from proceeding further in a criminal proceeding then pending in the respondent court wherein Garcia was charged with murder and conspiracy to commit murder. A rule to show cause did issue from this Court and in due time the respondents filed their answer thereto.

The issue posed by Garcia's petition and the respondents' answer thereto involves the constitutionality of a portion of an act of the 1964 General Assembly. The particular portion of the statute with which we are here concerned is Chapter 46, section 3(3) of the 1964 Session Laws, which reads as follows:

"The juvenile court of the city and county of Denver shall have no jurisdiction in cases in which a child sixteen years of age or older, but less than the age of eighteen years, is charged with a crime of violence punishable by death or life imprisonment. *If a child under sixteen years of age is so charged, the juvenile court shall have exclusive jurisdiction.*" (Emphasis supplied.)

The constitutionality of the foregoing statute having been thus placed in issue, the Attorney General by order of this Court was thereafter served with a copy of Garcia's petition, as well as a copy of respondents' answer thereto, and was granted time within which he too might file a response to our rule to show cause. This the Attorney General has now done, and the matter is presently awaiting determination by this Court as to whether the rule heretofore issued should be discharged or made absolute.

Garcia's position is that the Denver District Court has *no* jurisdiction to try him for murder for the reason that under the statute set forth above the Legislature has seen fit to vest *exclusive* jurisdiction in the Denver Juvenile Court of cases where a child under sixteen years of age is charged with a crime of violence punish-

able by death or life imprisonment. It should be noted that for the purpose of this proceeding the respondents admit that Garcia was only fifteen years of age when the information charging him with murder and conspiracy to commit murder was filed in the Denver District Court.

Respondents contend that the portion of the statute which purports to grant *exclusive* jurisdiction to the Denver Juvenile Court of those cases where a child under sixteen years of age is charged with a crime of violence punishable by death or life imprisonment is unconstitutional because it conflicts with Amended Article VI, section 9(1) of the Colorado Constitution, which section provides, *inter alia,* that the district courts of the state shall have original jurisdiction in *all* criminal cases.

The Attorney General in his response concedes that the effort of the 1964 General Assembly to vest the Denver Juvenile Court with exclusive jurisdiction of those cases where a child under sixteen years of age is charged with a crime of violence punishable by death or life imprisonment "may be unconstitutional" but — as an alternative solution — suggests that instead of striking down as unconstitutional the portion of the statute with which we are here concerned, we interpret and construe the word "exclusive" as used therein to mean "concurrent." In support of this contention he cites *People ex rel. Cruz v. Morley,* 77 Colo. 25, 234 Pac. 178.

In our considered view, to interpret the word "exclusive" to mean "concurrent" would be improper. Such would seem to be rather obvious "judicial legislation" and would go way beyond the rationale and holding of *People ex rel. Cruz v. Morley, supra.* Hence, we must come to grips with the basic issue as to whether the Legislature may properly take from the jurisdiction of the Denver District Court those criminal cases wherein the defendant is under a particular age

and vest the *exclusive* jurisdiction thereof in the Denver Juvenile Court.

Disposition of this controversy primarily involves a consideration of three different, though related, sections of Amended Article VI of the Colorado Constitution.

Section 1 of such Amended Article reads as follows:

"Vestment of judicial power. — The judicial power of the state shall be vested in a supreme court, district courts, a probate court in the city and county of Denver, a juvenile court in the city and county of Denver, county courts, and such other courts or judicial officers with jurisdiction inferior to the supreme court, as the general assembly may, from time to time establish, . . . ."

Section 9 (1) of such Amended Article reads as follows:

"The district courts shall be trial courts of record with general jurisdiction and shall have original jurisdiction in all civil, probate and criminal cases, except as otherwise provided herein, and shall have such appellate jurisdiction as may be prescribed by law."

Section 15 of the same Amended Article reads as follows:

"Juvenile court — jurisdiction — judges — election — term — qualifications. — The juvenile court of the city and county of Denver shall have such jurisdiction as shall be provided by law. The judge of the juvenile court of the city and county of Denver shall have the same qualifications and term of office as provided in this article for district judges and shall be elected initially by the qualified electors of the city and county of Denver at the general election in the year 1964. Vacancies shall be filled as provided in section 20 of this article. The number of judges of the juvenile court of the city and county of Denver may be increased as provided by law."

Garcia contends that Chapter 46, section 3 (3) is entirely constitutional and in support thereof he points to Article VI, section 15, which states that the Juvenile Court of the City and County of Denver shall have

"such jurisdiction as shall be provided by law." He asserts that the phrase "provided by law" means "provided by the legislature," and that the Legislature has clearly spoken in the manner indicated above. Recognizing that section 9(1) of the amended article declares that the district court shall have original jurisdiction in *all* criminal cases, Garcia emphasizes that this same section contains the limiting proviso "except as otherwise provided herein." Continuing, then, Garcia claims that section 15 of this amended article constitutes just such an exception as is expressly provided for in the aforementioned section 9(1).

Respondents contend that section 9(1) constitutes a specific vesting in the district courts throughout the State of original jurisdiction in *all* criminal cases, and that the phrase "except as otherwise provided herein" means except as is otherwise provided within the four corners of Amended Article VI proper. As illustrative of their thinking in this regard, respondents cite section 9(3) of Amended Article VI, which specifically vests exclusive original jurisdiction of all probate matters in the City and County of Denver in a probate court. This is said to be the type of exception envisioned by section 9(1), which section in addition to vesting the district court with original jurisdiction in *all* criminal cases, also vests the district court with original jurisdiction in all probate cases, subject, of course, to the aforementioned proviso. Hence, according to respondents, although the Legislature under section 15 of Amended Article VI is granted the general power and authority to fix and determine the jurisdiction of the Juvenile Court of the City and County of Denver, such is still subject to the specific provision in Amended Article VI, section 9(1) that the district courts shall have original jurisdiction in *all* criminal cases.

In our considered view the aforementioned legislative effort to vest in the Juvenile Court of the City and County of Denver *exclusive* jurisdiction of those

cases where a person under sixteen years of age is charged with a crime punishable by death or life imprisonment is in direct conflict with the constitutional mandate that the district courts shall have original jurisdiction in all criminal cases. It is hard to believe that by Amended Article VI, section 15 it was the intent that the Legislature could vest the juvenile court with jurisdiction of matters which by other provisions of Amended Article VI were specifically placed elsewhere. If section 15 is a sort of constitutional "blank check" which grants to the Legislature the *uncontrolled* power to vest in the juvenile court such jurisdiction as it alone deems fit and proper, then there exists the possibility of some rather unrelated matters being *exclusively* vested in the Denver Juvenile Court. For example, if such be the true meaning of said section 15, then the Legislature could vest in the Denver Juvenile Court jurisdiction over *all* criminal cases to the end that notwithstanding the provision that the district courts shall have original jurisdiction in *all* criminal cases, the Denver District Court could be stripped of *all* jurisdiction to hear *any* criminal case. To hold that Amended Article VI, section 15 empowers the Legislature to override the very express and specific provision of the constitution concerning the jurisdiction of the district courts would do violence to well-established rules of statutory and constitutional construction. See, by way of example, *Clark v. Utilities Commission*, 78 Colo. 48, 239 Pac. 20 and *Greeley Transportation Company v. People*, 79 Colo. 307, 245 Pac. 720, where we held that the legislative effort to impose on this Court the original and exclusive jurisdiction to review orders of the Public Utilities Commission and to thus deprive the district court of all jurisdiction to entertain such proceedings was unconstitutional.

It having been established then that Chapter. 46, section 3(3) is in direct conflict with Amended Article VI, section 9(1), the only remaining problem is which

shall prevail — the statute or the constitution. It has long been that rule that where both a statute and the constitution apply to a particular case, and the two are in conflict and repugnant one to the other, the statute must give ground because the constitution is the paramount law. See *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed.2d 60.

Indeed, *Marbury v. Madison, supra,* has particular applicability to the present controversy. In that case the United States Supreme Court invalidated an act of Congress which purported to vest in the United States Supreme Court the jurisdiction to issue writs of mandamus. The reason for such invalidation was that such legislative act was in conflict with the provision in the United States Constitution that the United States Supreme Court "shall have original jurisdiction in all cases affecting ambassadors, other public ministers and counsels and those in which a state shall be a party [and] in all other cases, the Supreme Court shall have appellate jurisdiction." In other words, the legislative effort to "add to" the jurisdiction of the United States Supreme Court, as such jurisdiction had heretofore been spelled out and defined in the constitution itself, was held to be invalid and to no effect.

In the instant case, the Colorado Legislature has attempted to "subtract from" the jurisdiction of the District Courts in and for the City and County of Denver by vesting in the Juvenile Court in and for the City and County of Denver *exclusive* jurisdiction of those cases where a child under sixteen is charged with a crime of violence punishable by death or life imprisonment. This the Legislature cannot do, because its effort in this regard conflicts with the provision in our Colorado Constitution that the District Courts of this State, including the City and County of Denver, shall have original jurisdiction in *all* criminal cases.

It should be noted that in the instant case we are only concerned with the effort of the Legislature to

vest in the juvenile court exclusive jurisdiction over *criminal* cases, i.e., murder, where the defendant is under a certain age. We are not concerned with those portions of the act which, for example, vest in the Denver Juvenile Court exclusive jurisdiction of proceedings concerning delinquent, dependent or neglected children, or adoptions or relinquishment proceedings, and the like.

■ Chapter 46, section 3(3) is clearly severable from the balance of the act, and our invalidation of this particular section does not invalidate, for example, the vesting in the *Denver Juvenile Court* of *exclusive jurisdiction* over the several special statutory proceedings mentioned therein. Strictly speaking, such proceedings are neither "a civil or criminal case," as these terms are used in Amended Article VI, section 9(1).

■ All of which comports with the traditional jurisdiction of the Denver Juvenile Court. In this regard it has long been the rule that the Denver Juvenile Court has *no* jurisdiction of criminal cases, as such, but that it has exclusive jurisdiction, for example, in delinquency and dependency matters, and in other special statutory proceedings. In this regard, see *Colias v. People,* 60 Colo. 230, 153 Pac. 224; *In re Songer,* 65 Colo. 460, 177 Pac. 141; *People v. Juvenile Court,* 75 Colo. 493, 226 Pac. 866; *People ex rel. Cruz v. Morley, supra; Abbott v. People,* 91 Colo. 510, 16 P.2d 435; and *In re Phillips,* 93 Colo. 203, 24 P.2d 755.

The rule is discharged for the reason that the respondent court and the judge thereof do have jurisdiction over Garcia and the charges against him which are now pending in that court.