Mr. Chief Justice Sutton
dissenting.
I must dissent from the result obtained as well as the views of the majority in this proceeding. In other words, I would discharge the rule.
The entire controversy here hinges on whether the district court, acting as a statutory juvenile court, has authority to order the dismissal of first degree murder charges against Charles Brett Lange, a fourteen year old boy accused of murdering Paula Sue Steinbach on June 3, 1966, and to order the district attorney to file on Lange as a juvenile delinquent.
I first note that the original Information filed before Judge Clifford Gobble, a different judge, did not state that Lange was only aged fourteen (nor technically was it required to). Next, I observe that Judge Jean Jacobucci held an evidentiary hearing, once the motion was made to quash the Information, to determine whether the charge should be altered. Finally, I note that even though District Attorney Marks insists on the procedure approved by the majority of this court, he, nevertheless, concedes that there does not seem to be any satisfactory way to handle a juvenile like Lange under our present laws.
As to Marks’ last point, I disagree. A careful reading of C.R.S. 1963, 22-8-7, which requires that persons like Lange be brought before the district court, grants that court complete discretion as follows:
“In any such case, the court may proceed to hear and dispose of the case * *
Then in the second part of the statute the court again is given sole discretion about keeping such a child in custody.
My view is that 22-8-7 must be read together with 22-8-1 (2) which defines a delinquent child
“* * * as any child under eighteen years of age who has violated either once or more than once, any state law * * (Emphasis supplied.)
*26 Also, it must be read with 22-8-1(3) (a) which states:
“Any child alleged to be delinquent as defined in subsection (2) of this section may he subject of a delinquency petition in the courts of record of this state having jurisdiction over juveniles, in the manner provided in this article. This article shall not apply to crimes of violence punishable by death or imprisonment for life, where the accused is over sixteen years of age * * (Emphasis supplied.)
It, therefore, seems to me in reading these statutes together, as we must under proper rules of construction, and keeping in mind that the legislature has provided for the separate handling of juveniles, we should conclude that:
(1) A juvenile delinquent is a child under eighteen years of age who has violated any state law. (And, first degree murder is such a law.)
(2) When the district court determines that a child should be tried as a juvenile the <court may consider so ordering except for certain crimes of violence where the accused is over the age of sixteen years. And,
(3) That the child must be taken before the district court, and that “in any such case” it is the court that “may proceed” to act.
Thus, as I view it, the power and authority to decide what charge such a juvenile as Lange must face is vested solely in the district court by the statutes. This being so, it follows that any Information filed against Lange by Marks is subject to the exercise of judicial discretion, and not the prosecutor’s judgment, as to what should be done with it. In this connection I note that no specific statute or court opinion has been cited by the People, or the majority opinion which expressly states that a juvenile under sixteen years of age, as defined by the statutes of Colorado, shall be tried as an adult for murder regardless of the views of the district judge. In other words, the majority is merely construing the statute in question contrary to the way I view it.
*27 Further, I point out that granting the trial court the discretion I believe it has in this matter is not a unique type of procedure. For example, it has long been recognized in Colorado that a district court, when hearing a contributing to dependency or delinquency proceeding under its juvenile docket, “* * * in its discretion, may order proceedings to be dismissed and direct” the district attorney to prosecute the case as a criminal matter. C.R.S. 1963, 22-7-9.
Nor do I agree with the district attorney’s theory that once a district judge has approved the filing of an Information ex parte against a juvenile that such a filing cannot be ordered dismissed or modified upon a proper showing. The statute (C.R.S. 1963, 22-8-7, as amended in 1964) would indicate otherwise. And, of course, if Marks’ position were correct, it would prevent the district court from ordering the dismissal of a juvenile proceeding and the filing of felony charges deemed necessary by the district court, as permitted by law.
Next, though the majority opinion did not comment on the allegation by the People that the power of the district court was exhausted once one of the judges thereof had exercised judicial power to allow the filing ex parte of the original Information, I desire to do so. This leads me to the thought that if the first judge (Judge Gobble) lost his power when he permitted the original murder charge to be filed under C.R.S. 1963, 40-2-1, it should then follow that a second judge could not change or modify the first judge’s act. It is true we have a statute (C.R.S. 1963, 37-4-17) that forbids one district judge from modifying or vacating the orders or judgments of another. That, however, can have no application here, nor can the district attorney’s theory apply where as here, an express statutory provision has been made for the exercise of judicial discretion.
Finally, I observe that the case of Garcia v. District Court, 157 Colo. 432, 403 P.2d 215 (1965), relied on by the People, and not discussed by the majority opinion, *28 can have no application here. The facts there were not only different, with a separate juvenile court involved, but also that case had to do with an entirely different problem. Nor does the case of People, ex rel. Cruz v. Morley, 77 Colo. 25, 234 Pac. 178 (1925), also relied on by the People, but not mentioned in the majority opinion, and which related to concurrent jurisdiction, apply here. This again is because of current statutory authority to the contrary and because here jurisdiction has always been, and remains in, the same court.
The legislature has provided that Chapter 22 is to be liberally construed (C.R.S. 1963, 22-8-13) and in its wisdom, as is its right, it has directed how juveniles should be tried. In my view it has provided that this is a matter to be determined solely by the district courts of our state except where jurisdiction is also granted to the juvenile courts of the City and County of Denver. I, in turn, would state that if those affected by such procedures deem them to be improper, their complaints should be addressed to the legislative branch of government which created them for proper remedial action.