**In the Matter of the Petition of C.B., Petitioner–Appellee,**

v.

**The PEOPLE of the State of Colorado, Respondent–Appellant.**

**No. 04CA1695.**

Colorado Court of Appeals, Div. IV.

Sept. 8, 2005.

Pickard & Waters, P.C., Joe Pickard, Doris A. Waters, Littleton, Colorado, for Petitioner–Appellee.

Don Quick, District Attorney, Michael J. Milne, Deputy District Attorney, Brighton, Colorado, for Respondent–Appellant.

NEY *, J.

Respondent, the People, appeal the trial court's order granting a petition to seal rec-

* Sitting by assignment of the Chief Justice under

provisions of Colo. Const. art. VI, § 5(3), and

ords relating to a juvenile delinquency case involving petitioner, C.B. We vacate the order and remand with directions.

Petitioner received a two-year deferred adjudication for a delinquent act of sexual assault on a child, which would have been a felony under § 18–3–405, C.R.S.2004, if committed by an adult. Petitioner successfully completed the deferred adjudication, and probation was terminated.

Petitioner brought this action pursuant to § 24–72–308, C.R.S.2004, to seal arrest and criminal records relating to the juvenile delinquency case. At the hearing on the petition, the People asserted that because the records concerned a juvenile delinquency action, the trial court lacked jurisdiction to hear the case and that petitioner should have sought expungement pursuant to § 19–1–306, C.R.S.2004, in a juvenile proceeding. The People also argued that the records should not be sealed because the underlying offense involved a sexual factual basis.

The trial court rejected the People's arguments and granted the petition to seal. The People then brought this appeal.

### I.

The People argue that the trial court should have considered the petition under § 19–1–306 of the Children's Code rather than under § 24–72–308. We agree.

Section 24–72–308 provides that a person of interest who is eligible under the statute may seek the sealing of any arrest and criminal records information. The information to be sealed must be "a record of official actions involving a criminal offense for which said person in interest was not charged, in any case which was completely dismissed, or in any case in which said person in interest was acquitted." Section 24–72–308(1)(a)(I), C.R.S.2004.

■ A delinquency adjudication, however, is a special statutory proceeding that is noncriminal in nature. *See People v. Juvenile Court*, 915 P.2d 1274, 1276 (Colo.1996)(noting that "the Denver Juvenile Court could be given exclusive jurisdiction over noncriminal matters such as delinquent, dependent, or neglected children"); *Garcia v. Dist. Court*,

§ 24–51–1105, C.R.S.2004.

157 Colo. 432, 440, 403 P.2d 215, 219 (1965)(noting that "it has long been the rule that the Denver Juvenile Court has no jurisdiction of criminal cases, as such, but that it has exclusive jurisdiction, for example, in delinquency and dependency matters, and in other special statutory proceedings").

■ Therefore, because § 24–72–308 concerns the sealing of criminal records, and juvenile delinquency proceedings are noncriminal in nature, we conclude that the trial court should have proceeded under the expungement provisions set forth in § 19–1–306.

### II.

The People additionally argue that under § 19–1–306, the trial court could not expunge the records associated with petitioner's deferred adjudication because it involved a sexual offense. We conclude that the trial court is not precluded from expunging the records under that statute solely because the underlying offense involved a sexual factual basis.

Section 19–1–306 provides for the expungement of juvenile records. "Expungement" is "the designation of juvenile delinquency records whereby such records are deemed never to have existed." Section 19–1–103(48), C.R.S.2004. Expungement is "effectuated by physically sealing or conspicuously indicating on the face of the record or at the beginning of the computerized file of the record that said record has been designated as expunged." Section 19–1–306(2)(b), C.R.S. 2004.

The juvenile court may order expungement if (1) the juvenile has not been adjudicated a juvenile delinquent since the termination of the court's jurisdiction; (2) no criminal or delinquency action is pending or being instituted against the juvenile; (3) the rehabilitation of the juvenile has been attained to the satisfaction of the court; and (4) the expungement is in the best interests of the juvenile and the community. *See* § 19–1–306(5)(c), C.R.S.2004.

However, § 19–1–306(7)(d), C.R.S.2004, provides that "[a]ny person who has been

*adjudicated* for an offense involving unlawful sexual behavior as defined in section 16–22–102(9), [C.R.S.2004]" (emphasis added), which includes the offense for which petitioner received a deferred adjudication, is not eligible to petition for the expungement of any juvenile record.

Thus, the issue here is whether the General Assembly intended § 19–1–306(7)(d) to preclude expungement for a "deferred adjudication" as well as for an "adjudication" involving unlawful sexual behavior as defined in § 16–22–102(9).

The General Assembly, by enacting §§ 19–1–103(2) and 19–2–709, C.R.S.2004, has expressed its intent to distinguish an adjudication of juvenile delinquency from a deferred adjudication both as to definition and effect.

The term "adjudication" is defined as "a determination by the court that it has been proven beyond a reasonable doubt to the trier of fact that the juvenile has committed a delinquent act or that a juvenile has pled guilty to committing a delinquent act." Section 19–1–103(2). Similarly, a deferred adjudication may be entered in any case in which the juvenile has agreed with the district attorney to enter a plea of guilty. *See* § 19–2–709(1), C.R.S.2004.

However, unlike an adjudication of juvenile delinquency, a deferred adjudication provides that the juvenile's plea shall be withdrawn and the case shall be dismissed with prejudice upon compliance with the terms of the deferred adjudication. *See* § 19–2–709(3), C.R.S.2004. A juvenile who is required to register as a sex offender because of a deferred adjudication for an offense involving unlawful sexual behavior may petition for removal from the sex offender registry upon the successful completion of the deferred adjudication and dismissal of the case. *See* § 16–22–113(1)(d), C.R.S.2004. In contrast, a person who is convicted as an adult for sexual assault on a child may not petition for removal. *See* § 16–22–113(3)(b)(II), C.R.S. 2004.

We note that petitioner's name was removed from the registry under the provision of § 16–22–113(1)(d). This removal was not appealed.

■ These statutes indicate the General Assembly's intent to treat a deferred adjudi-

cation differently from an adjudication. The practical effect of the General Assembly's allowing a juvenile's plea of guilty to be withdrawn and the case dismissed upon compliance with the terms of a deferred adjudication is to nullify the deferred adjudication. *See* § 19–2–709(3). This effect is supported by the General Assembly's enactment of the statute allowing a juvenile to petition for removal from the sex offender registry upon the successful completion of a deferred adjudication and dismissal of the case.

■ Therefore, based on this statutory treatment, we conclude that the General Assembly did not intend that the limitation on expungement set forth in § 19–1–306(7)(d)— for "[a]ny person who has been *adjudicated* for an offense involving unlawful sexual behavior as defined in section 16–22–102(9)"— apply to a person who has successfully completed a deferred adjudication.

However, because the trial court did not consider whether petitioner's records should be expunged under § 19–1–306, and the record is not sufficient for us to make this determination as a matter of law, we conclude that the case should be remanded to the trial court for determination of this issue.

The order is vacated, and the case is remanded to the trial court with directions to address whether petitioner's juvenile records should be expunged under § 19–1–306.

Judge LOEB and Judge RUSSEL concur.