The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
March 19, 2026

## 2026COA18

**No. 25CA0942, *N.D. v. N.J.D.* — Courts and Court Procedure — Action Involving Exercise of Constitutional Rights — Anti-SLAPP — Special Motion to Dismiss — Hearing**

A division of the court of appeals determines that, when considering a special motion to dismiss under Colorado's anti-SLAPP statute, section 13-20-1101, C.R.S. 2025, a district court cannot decide the motion strictly on the briefing but is required to hold a hearing pursuant to section 13-20-1101(5).

COLORADO COURT OF APPEALS                                    **2026COA18**

Court of Appeals No. 25CA0942
El Paso County District Court No. 24CV32114
Honorable David Shakes, Judge

N.D.,

Plaintiff-Appellee,

v.

N.J.D.,

Defendant-Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE JOHNSON
Pawar and Gomez, JJ., concur

Announced March 19, 2026

Baker Law Group, PLLC, Dillon Fulcher, Stone Sirmans, Greenwood Village, Colorado, for Plaintiff-Appellee

Civil Rights Litigation Group, LLP, Edward C. Hopkins Jr., Denver, Colorado, for Defendant-Appellant

¶ 1     In this case we decide for the first time that when a district court considers a special motion to dismiss under Colorado's anti-SLAPP statute, section 13-20-1101, C.R.S. 2025,[1] it must hold a hearing and cannot decide the matter solely on the briefs.

¶ 2     Defendant, N.J.D. (mother), appeals the district court's order denying her motion to dismiss, contending that (1) the district court erred by vacating the hearing required under section 13-20-1101(5) and applying an incorrect legal standard at step two of the statutory analysis to determine whether plaintiff, N.D. (father), stated a legally sufficient claim; (2) father did not put forth the requisite proof of mother's publication of the allegedly defamatory statements; (3) mother's statements are protected by statutory immunity under section 19-3-309, C.R.S. 2025, and are otherwise absolutely privileged under Colorado's quasi-judicial proceeding doctrine; (4) father's defamation claim related to vandalism fails because there is no admissible evidence; and (5) because father's defamation claims fail, his derivative claims fail.

---

[1] "SLAPP" stands for "strategic lawsuit against public participation." *Hinds v. Foreman*, 2026 CO 9, ¶ 1.

¶ 3    We agree with mother that the district court erred by vacating the hearing and deciding the motion strictly on the briefing. Therefore, we reverse the district court's order and remand the case for additional proceedings. And based on our disposition, we need not address mother's remaining contentions.

## I.    Background

¶ 4    Mother and father were married from 2020 until they divorced in 2022. They had one child during the marriage, D.D., who was preschool age at the time of the underlying events. In April 2024, after seeing a bruise on D.D.'s buttocks, mother took D.D. to the hospital. D.D. allegedly told hospital staff that his father had hit him with a "hammer thing."

¶ 5    Mother also filed a police report alleging that father may have committed physical and sexual abuse against D.D. The El Paso County Department of Human Services (Department) received a child protection referral and conducted an assessment. The Department interviewed D.D., mother, and father and ultimately closed the assessment as "[u]nfounded," commenting that "a case will not be opened." Before the Department closed the case, mother

had also reported two incidents of vandalism at her home, along with her belief that father might have been behind them.

¶ 6    Subsequently, father filed this action against mother, asserting four claims of defamation, extreme and outrageous conduct, and false claims of child abuse or neglect. After filing an answer, mother filed a special motion to dismiss under the anti-SLAPP statute. The district court set a hearing on the motion but then entered an order denying it based on the briefing and vacated the hearing. Mother appeals.

## II.    Standard of Review and Applicable Law

¶ 7    We review de novo a district court's denial of an anti-SLAPP motion to dismiss. *See Anderson v. Senthilnathan*, 2023 COA 88, ¶ 8. And to the extent our analysis requires us to interpret statutes, we do so de novo. *See Hinds*, ¶ 13.

¶ 8    The anti-SLAPP statute's purpose is to "safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government . . . and, at the same time, to protect the rights of persons to file meritorious lawsuits for demonstrable injury." § 13-20-1101(1)(b). This purpose is effectuated by providing a special motion to dismiss

procedure that allows a district court to assess the merits of claims brought against a defendant for exercising his or her free speech rights. *See Anderson*, ¶ 10.

### III. Analysis

¶ 9 Based on the plain language of the statute, we agree with mother that section 13-20-1101(5) requires the court to hold a hearing on her motion.[2] *See Hinds*, ¶ 14 ("[W]e read words and phrases in context, according them their plain and ordinary meanings," and "[i]f the language is clear, we apply it as written and need not resort to other tools of statutory interpretation." (quoting *All. for a Safe & Indep. Woodmen Hills v. Campaign Integrity Watchdog, LLC*, 2019 CO 76, ¶ 21)).

¶ 10 As part of the statutory procedures for a district court handling an anti-SLAPP motion, the motion "*must* be scheduled for a hearing not more than twenty-eight days after the service of the motion unless the docket conditions of the court require a later hearing." § 13-20-1101(5) (emphasis added); *see also VOA Sunset Hous. LP v. D'Angelo*, 2024 COA 61, ¶ 20 ("[U]nder the anti-SLAPP

---

[2] Father takes no position on whether the district court should have held a hearing.

4

statute, a special motion to dismiss . . . must be set for a hearing within twenty-eight days after service of the motion."), *overruled on other grounds by*, *Hinds*, 2026 CO 9.

¶ 11    Under the canons of statutory construction, unless the context otherwise requires, courts interpret the word "shall" or "must" in a statute to be mandatory, not directory.  *See Walton v. People*, 2019 CO 95, ¶ 13 (holding that the word "shall" is mandatory unless there is a clear indication otherwise); *see also League of Women Voters of Greeley, Weld Cnty., Inc. v. Bd. of Cnty. Comm'rs*, 2025 CO 8, ¶ 63 (Márquez, C.J., concurring in the judgment) ("The use of mandatory language, such as 'shall' or 'must,' signals that the law is intended to impose 'a mandatory duty and not suggest merely a permissive or discretionary act.'" (quoting *Bd. of Cnty. Comm'rs v. Edwards*, 468 P.2d 857, 859 (Colo. 1970))).  Because section 13-20-1101(5) uses the word "must," the district court was required to hold a hearing within twenty-eight days after service of the motion.

¶ 12    Although the plain language is evident, our interpretation is bolstered by the remainder of the language in section 13-20-1101(5), which includes a provision that the mandatory hearing may be scheduled at a later date if the court's docket cannot

accommodate it within the prescribed time. Therefore, the exception to the statutory mandate is the *timing* of the hearing, not that a court has discretion to determine that a hearing need not be held. *See DiMarco v. Dep't of Revenue*, 857 P.2d 1349, 1352 (Colo. App. 1993) ("[A]ppellate courts have generally construed time limitations imposed on public bodies as being directory rather than mandatory, unless the General Assembly has clearly evidenced a contrary intent.").

¶ 13 Therefore, we conclude that the district court erred by not holding the requisite hearing on mother's anti-SLAPP motion under section 13-20-1101(5).

## IV. Remaining Contentions

¶ 14 Given our disposition, we need not resolve any of mother's remaining arguments, as the parties may raise arguments or facts not currently before us at the mandatory hearing, giving the district court the opportunity to decide the matter in the first instance. *See Sedgwick Props. Dev. Corp. v. Hinds*, 2019 COA 102, ¶ 31 (following the "cardinal principle of judicial restraint — if it is not necessary to decide more, it is necessary not to decide more" (citation omitted)).

## V. Attorney Fees

¶ 15 Mother requests an award of her attorney fees incurred on appeal, contending she is the prevailing party and, therefore, is entitled to them under section 13-20-1101(4)(a). She also requests her appellate attorney fees and costs under C.A.R. 39.1. We conclude that, while mother is correct that she is entitled to a hearing, she did not prevail because we have not addressed any of the merits arguments she raised in her motion to dismiss. This is because section 13-20-1101(4)(a) authorizes attorney fees for any action in which the defendant prevails on a motion to dismiss under section 13-20-1101(3), and that provision speaks in terms of a "cause of action." In other words, the special motion to dismiss must dismiss a "cause of action" and our disposition did nothing of the sort. Consequently, we deny her request for attorney fees under section 13-20-1101(4)(a). For the same reason, we deny her request for appellate attorney fees under C.A.R. 39.1, but on remand, the district court should determine and award her reasonable appellate costs.

## VI. Conclusion

The order is reversed, and the case is remanded to the district court to conduct further proceedings consistent with this opinion.

JUDGE PAWAR and JUDGE GOMEZ concur.