NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0533n.06
Filed: August 28, 2008

Case No. 07-4465

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CARETOLIVE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| ANDREW VON ESCHENBACH, | ) | DISTRICT OF OHIO |
| Commissioner, Food and Drug | ) | |
| Administration, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| _____ | ) | |

BEFORE:  BATCHELDER and GILMAN, Circuit Judges; ZOUHARY[*], District Judge.

   **ALICE M. BATCHELDER, Circuit Judge.**  Plaintiff–Appellant CareToLive ("CTL"),

appeals the judgment of the district court dismissing CTL's action for lack of subject matter

jurisdiction.  CTL, which characterizes itself as an association of cancer patients, patient families,

doctors, investors, and advocates, filed suit in the district court to challenge the Food and Drug

Administration's ("FDA") decision not to immediately approve a Biologics License Application

("BLA") for the vaccine Provenge.  The FDA neither approved nor denied the application, but

instead issued a Complete Response Letter to the vaccine's sponsor, Dendreon Corp., requesting

more information.  CTL's lawsuit named as defendants the Commissioner of the FDA, Andrew von

Eschenbach, M.D., and the Secretary of the United States Department of Health and Human

_____

[*]The Honorable Jack Zouhary, U.S. District Judge for the Northern District of Ohio, sitting by designation.

Services, Michael Leavitt, in their official capacities; the complaint also named two FDA officials, Richard Pazdur, M.D., and Howard Scher, M.D., in both their official and individual capacities.

On November 21, 2007, the district court dismissed CTL's official-capacity claims for lack of subject matter jurisdiction, citing ripeness, finality, and sovereign immunity. CTL filed an immediate notice of appeal. On December 4, 2007, the district court dismissed CTL's individual-capacity claims. CTL filed no notice of appeal from the latter order, and appeals only the dismissal of its official-capacity claims.

After carefully reviewing the record, the applicable law, the parties' briefs and counsels' arguments, we conclude that the district court did not err in its conclusion that it lacked subject matter jurisdiction because, at the very least, CTL's action is unripe. As the district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion dismissing CTL's official-capacity claims, we **AFFIRM**.