2012 COA 150

**Cora Lea CHITTENDEN, LCSW, Appellant,**

v.

**COLORADO BOARD OF SOCIAL WORK EXAMINERS, Appellee.**

**No. 11CA1872.**

Colorado Court of Appeals, Div. VI.

Sept. 13, 2012.

As Modified on Denial of Rehearing Oct. 11, 2012.

Denis K. Lane, Jr., Colorado Springs, Colorado, for Appellant.

John W. Suthers, Attorney General, Catherine Shea, Assistant Solicitor General, Denver, Colorado, for Appellee.

·Opinion by Judge GABRIEL.

¶ 1 Cora Lea Chittenden, a licensed clinical social worker, attempts to appeal from an order (the Order) of the State Board of Social Work Examiners (the Board) that declined to rule on her petition for a declaratory order.

¶ 2 Section 24–4–105(11), C.R.S.2012, of the Administrative Procedures Act (APA) provides, in pertinent part, "The order disposing of the petition [for a declaratory order] shall constitute agency action subject to judicial review." As an apparent matter of first impression in Colorado, we construe the phrase "agency action subject to judicial review" within that provision to require *final* agency action under section 24–4–106(2), C.R.S.2012, which governs judicial review under the APA. We further conclude that the Order did not constitute final agency action for purposes of the APA. Accordingly, we lack jurisdiction and therefore dismiss this appeal.

## I. Background

¶ 3 Chittenden provided court-ordered therapy to a minor child. The child's father filed a complaint with the Board, alleging unlawful, unprofessional, and unethical conduct by Chittenden. The Board assigned the complaint case number 2011–001224 and began its investigation. Chittenden was then notified of the complaint and filed a response with supporting exhibits.

¶ 4 After reviewing the complaint, response, and additional information, the Board found reasonable grounds to believe that Chittenden had violated section 12–43–222(1)(g), (j), and (v), C.R.S.2012. Before proceeding further, however, the Board

made Chittenden a settlement offer, under which Chittenden would admit that she (1) fraudulently billed the father above the maximum allowable insurance provider rate, and (2) made unsubstantiated statements alleging a dire future for the child.

¶ 5 Chittenden neither accepted nor rejected this offer. Instead, she submitted a request for declaratory orders that (1) her billing had complied with applicable law and the Board had no jurisdiction over what was in essence a fee dispute between her and the father; and (2) she was immune from discipline for any of the statements that she allegedly made about the child.

¶ 6 In response to Chittenden's petition, the Board issued the Order, which stated, in pertinent part:

> This letter is to notify you that at its meeting on July 8, 2011, the [Board] considered your petition of [sic] Declaratory Order contained in your letter of March 16, 2011 requesting a Declaratory Order in Case No.2011–001224. After full discussion and deliberation on your request, the Board determined, in its discretion, that it will not rule on your petition. The reason the Board decided not to rule on your petition is that it does not feel that ruling on your request would terminate the controversy or remove uncertainty as to the applicability of any statutory provision or any Board rule or order. Furthermore, your client [sic] has another legal remedy, other than action for declaratory relief pursuant to Rule 57, Colorado Procedures, that will terminate the controversy or remove any uncertainty you have as to the applicability of the statute, rule or order in question.

¶ 7 Chittenden then filed a notice of appeal in this court, and the Board moved to dismiss the appeal in part on various grounds. The Board, however, did not move to dismiss that portion of the appeal relating to the Board's refusal to rule on Chittenden's request for a declaratory order.

¶ 8 A motions division of this court granted the Board's motion to dismiss in part, which concerned issues not pertinent here, but ordered the parties to address in their principal briefs whether a decision "not to decide" a petition for a declaratory order is an order "disposing of the petition" and thus subject to judicial review. After reviewing the parties' briefs, the record in this case, and the applicable law, we noted an additional jurisdictional issue and asked the parties to submit supplemental briefs addressing the following questions:

1. Does § 24–4–105(11), C.R.S., require *final* agency action within the meaning of § 24–4–106(2), C.R.S., before an order disposing of a petition for a declaratory order is subject to judicial review?

2. If so, was there final agency action here, or should this appeal be dismissed without prejudice for lack of final agency action?

¶ 9 We address these questions first because we conclude that they are dispositive of this appeal.

## II.  Statutory Construction

¶ 10 With respect to the meaning of section 24–4–105(11), Chittenden argues that *any* order disposing of a petition for a declaratory order is subject to immediate judicial review, regardless of whether other matters are pending in the same administrative proceeding. She further asserts that section 24–4–105(11), unlike section 24–4–106(2), does not require final agency action prior to judicial review, but rather provides a separate and independent basis for such review. The Board, in contrast, contends that section 24–4–105(11) requires final agency action within the meaning of section 24–4–106(2) before an order disposing of a petition for declaratory relief is subject to judicial review. We agree with the Board.

### A.  Rules of Statutory Construction

¶ 11 The meaning of section 24–4–105(11) presents an issue of statutory construction that we review de novo. *See People v. Daniels,* 240 P.3d 409, 411 (Colo.App.2009). Our primary purpose in statutory construction is to ascertain and give effect to the intent of the General Assembly. *Id.* We first look to the language of the statute, giving words and phrases their plain and ordinary meaning.

*Id.* We read words and phrases in context and construe them according to their common usage. *Id.*

¶ 12 In addition, we must interpret a statute in a way that best effectuates the purpose of the legislative scheme. *Id.* When a court construes a statute, it should read and consider the statute as a whole and interpret it in a manner giving consistent, harmonious, and sensible effect to all of its parts. *Id.* In doing so, a court should not interpret the statute so as to render any part of it either meaningless or absurd. *Id.*

¶ 13 If the statute is unambiguous, we look no further. *Id.* If the statute is ambiguous, however, then we may consider prior law, legislative history, the consequences of a given construction, and the underlying purpose or policy of the statute. *Id.* We may also consider the title of the statute and any accompanying statement of legislative purpose. *Larson v. Sinclair Transp. Co.*, 2012 CO 36, ¶ 8.

¶ 14 "A statute is ambiguous when it 'is capable of being understood by reasonably well-informed persons in two or more different senses.'" *Jefferson Cnty. Bd. of Equalization v. Gerganoff*, 241 P.3d 932, 935 (Colo. 2010) (quoting 2A Norman J. Singer & J.D. Shambie Singer, *Statutes & Statutory Construction* § 45:2, at 13 (7th ed.2007)).

## B. Application

¶ 15 Section 24–4–105(11) provides:

Every agency shall provide by rule for the entertaining, in its sound discretion, and prompt disposition of petitions for declaratory orders to terminate controversies or to remove uncertainties as to the applicability to the petitioners of any statutory provision or of any rule or order of the agency. *The order disposing of the petition shall constitute agency action subject to judicial review.*

(Emphasis added.) Thus, whether we have jurisdiction to hear Chittenden's appeal turns on whether the Order (1) disposed of her petition and (2) constituted "agency action subject to judicial review." We need not decide the first issue, however, because we conclude that the proper construction of the phrase "agency action subject to judicial review" is dispositive of this appeal.

¶ 16 In our view, the phrase "agency action subject to judicial review" is reasonably susceptible of the interpretations advanced by both parties. Accordingly, we conclude that the phrase is ambiguous and thus turn to the other rules of statutory construction discussed above to determine its meaning. *See Gerganoff*, 241 P.3d at 935. Applying those rules, we hold that, absent the applicability of the exception set forth in section 24–4–106(8), C.R.S.2012, which we discuss below, section 24–4–105(11) requires final agency action within the meaning of section 24–4–106(2) before an order disposing of a petition for declaratory relief is subject to judicial review. We reach this conclusion for three reasons.

¶ 17 First, this construction is consistent with the APA's overall purpose and design, and it gives sensible and harmonious effect to all of its parts.

¶ 18 As pertinent here, section 24–4–106 is the provision of the APA specifically relating to judicial review. *See* § 24–4–106(1), C.R.S. 2012 ("In order to assure a plain, simple, and prompt judicial remedy to persons or parties adversely affected or aggrieved by agency actions, the provisions of this section shall be applicable."); *see also Colorado State Bd. of Med. Exam'rs v. Colorado Court of Appeals*, 920 P.2d 807, 810 (Colo.1996) ("Judicial review of agency actions is governed under section 24–4–106 ... of the APA."). Section 24–4–106(2) provides the general rule requiring final agency action as a jurisdictional prerequisite to judicial review. Section 24–4–106(8) provides an exception to that general rule and allows a party suffering irreparable injury to bring suit to enjoin the conduct of an agency proceeding when the proceeding or the action proposed to be taken is "clearly beyond the constitutional or statutory jurisdiction or authority of the agency." *See also Envirotest Sys., Corp. v. Colorado Dep't of Revenue*, 109 P.3d 142, 144 (Colo.2005) (noting (1) the general rule that "courts will not review or grant relief in regard to any aspect of administrative proceedings until the agency has taken final action," and (2) the excep-

tion to that rule set forth in section 24–4–106(8)).

¶ 19 Section 24–4–105(11), in contrast, falls within a statutory section that principally concerns the procedural due process requirements of hearings conducted by administrative agencies. *See* § 24–4–105(1), C.R.S.2012 ("In order to assure that all parties to any agency adjudicatory proceeding are accorded due process of law, the provisions of this section shall be applicable."). Section 24–4–105 as a whole does not concern judicial review rights. Moreover, although section 24–4–105(11) mentions "judicial review" of orders disposing of petitions for declaratory relief, it does not indicate *when* a party is entitled to such review. Nor do we perceive anything in section 24–4–105(11) that suggests a legislative intent to create an additional exception to the general rule requiring final agency action before a party may seek judicial review. And by interpreting section 24–4–105(11) to allow for judicial review only when an order disposing of a petition for declaratory relief constitutes final agency action, we give meaning to both sections 24–4–105(11) and 24–4–106(2). In contrast, Chittenden's alternative construction would arguably create a conflict with the statutory scheme set forth in section 24–4–106, which, as noted above, limits judicial review to final agency action, subject to a narrow exception for cases in which the agency lacks jurisdiction and the party seeking review is suffering irreparable injury.

¶ 20 Second, the parties have cited no legislative history to suggest that when the General Assembly adopted the provision that is now section 24–4–105(11), it intended to create a right of interlocutory judicial review for orders disposing of petitions for declaratory relief, regardless of the pendency of any other administrative proceedings. Nor are we willing to assume that the General Assembly intended so significant a departure from the general scheme for judicial review set forth in section 24–4–106 without stating that intention clearly.

¶ 21 Third, our interpretation is consistent with the important and related policy interests of (1) allowing agencies with expertise in a particular subject matter to develop the necessary factual record on which the agency and subsequent reviewing courts may base their decisions; (2) promoting efficiency in the administrative context by preventing the interruption and fragmentation of the administrative process; (3) preserving the autonomy of the agency; and (4) conserving judicial resources. *See City & Cnty. of Denver v. United Air Lines, Inc.,* 8 P.3d 1206, 1212–13 (Colo.2000) (identifying such interests in the related context of exhaustion of administrative remedies). These policy interests would be frustrated if, unlike most administrative orders, orders on petitions for declaratory relief were subject to judicial review notwithstanding the lack of final agency action under section 24–4–106(2).

¶ 22 *Colorado State Board of Optometric Examiners v. Dixon,* 165 Colo. 488, 492–94, 440 P.2d 287, 289–90 (1968), on which Chittenden relies, is inapposite. In *Dixon,* 165 Colo. at 491, 440 P.2d at 288, the plaintiff optometrists filed an action against the Colorado State Board of Optometric Examiners, seeking a declaratory judgment and injunction against enforcement of a regulation adopted by the Board. The Board asserted that the court lacked jurisdiction to grant the injunction because there had been no final agency action under the applicable judicial review statute. *Id.* at 492, 440 P.2d at 289. Our supreme court disagreed, however, finding such final agency action. *Id.* at 492–93, 440 P.2d at 289. Accordingly, although *Dixon* contains certain language regarding the general purposes of declaratory relief, *see id.* at 493–94, 440 P.2d at 289–90, the case does not support Chittenden's argument that she is entitled to judicial review notwithstanding the absence of final agency action.

¶ 23 Nor does *Saxe v. Board of Trustees of Metropolitan State College,* 179 P.3d 67, 79 (Colo.App.2007), assist Chittenden. In *Saxe,* 179 P.3d at 70, the plaintiff professors brought a declaratory judgment action concerning certain contract rights. A division of this court held that the matter was ripe for adjudication in a declaratory judgment action, even though the contract had not yet been breached, because an actual controversy existed. *Id.* at 79. Thus, *Saxe* concerned the propriety of bringing a claim for declaratory relief. It did not, however, address the

finality or judicial review of agency action and, therefore, is inapposite.

¶ 24 For these reasons, we conclude that, subject to the applicability of section 24–4–106(8), an order disposing of a petition for a declaratory order under section 24–4–105(11) is properly subject to judicial review only when that order constitutes final agency action within the meaning of section 24–4–106(2). *See Bell v. New Jersey,* 461 U.S. 773, 778, 103 S.Ct. 2187, 76 L.Ed.2d 312 (1983) (although a statute facially permitted judicial review of actions of a board, the Supreme Court held that a final order was necessary, because "[t]he strong presumption is that judicial review will be available only when agency action becomes final"); *Shea v. Office of Thrift Supervision,* 934 F.2d 41, 43–45 (3d Cir.1991) (although a statute facially appeared to allow for judicial review of any order issued by an agency director, the court held that the term "order" in the statute at issue required "that an action have a determinative effect so that it may be properly characterized as a 'final order' ").

## III. Finality

¶ 25 Having thus determined the proper construction of section 24–4–105(11), and given that no party has asserted that section 24–4–106(8) applies here, we must decide whether the Order constituted final agency action within the meaning of section 24–4–106(2). We conclude that it did not.

¶ 26 For agency action to be final pursuant to section 24–4–106(2), it must (1) mark the consummation of the agency's decision-making process and not be merely tentative or interlocutory in nature, and (2) constitute an action by which rights or obligations have been determined or from which legal consequences will flow. *See Bennett v. Spear,* 520 U.S. 154, 177–78, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997); *MDC Holdings, Inc. v. Town of Parker,* 223 P.3d 710, 721 (Colo.2010); *Janssen v. Denver Career Serv. Bd.,* 998 P.2d 9, 12 (Colo.App.1999).

¶ 27 Here, for three reasons, we conclude that the Order did not constitute final agency action.

¶ 28 First, the Order did not mark the consummation of the agency's decision-making process. Chittenden's petition was filed in the same action as the pending disciplinary complaint, which action is ongoing. Moreover, the issues raised in the petition concerned whether Chittenden could be subject to discipline for the actions she was alleged to have taken, and these arguments can properly be raised and heard in the context of the ongoing disciplinary process. *See CareToLive v. von Eschenbach,* 525 F.Supp.2d 938, 948–49 (S.D.Ohio 2007) (holding that a letter requesting further information before approving a license application was not final because it was not the consummation of the agency's decision-making process, which process was ongoing), *aff'd,* 290 Fed.Appx. 887 (6th Cir.2008).

¶ 29 Second, the Order did not determine Chittenden's rights and obligations, nor did any legal consequences flow from it. The Order did not determine whether Chittenden will ultimately be subject to discipline. *See Dixon v. Riley,* 515 P.2d 1139, 1139–40 (Colo. App.1973) (not published pursuant to C.A.R. 35(f)) (holding that a board's order requiring a licensee to undergo an examination by a physician and a psychiatrist and to appear thereafter to answer questions about his ability and competence to practice optometry was not final agency action). Nor did the Order determine whether, as a matter of law, Chittenden could be subject to discipline for the actions she is alleged to have taken. And the Order did not deprive Chittenden of any rights of judicial review. The only question is when Chittenden will be entitled to such review.

¶ 30 Finally, the Order did not evince any intent by the Board to issue a final order. *Compare Keystone v. Flynn,* 769 P.2d 484, 489 (Colo.1989) (holding that a Public Utilities Commission decision was not intended to be final where the Commission remanded the case to a hearing examiner for the purpose of submitting a recommended decision on the merits of the matter at issue), *with Colorado State Bd. of Med. Exam'rs v. Lopez–Samayoa,* 887 P.2d 8, 14 (Colo.1994) (holding that a Board of Medical Examiners order was final where it was captioned "Final Board Order," it notified the respondent that the decision became final upon mailing, and it advised him of the procedures for judicial review). To the contrary, the Order stated that Chittenden had another legal remedy, which appears

to have been a reference to the ongoing proceedings before the Board. Moreover, the Order did not state that it constituted final agency action, and it did not include a list of all parties to the proceeding or the Order's effective date, both of which are required in orders constituting final agency action. *See* § 24–4–102(1), C.R.S.2012.

¶ 31 In holding that the Order did not constitute final agency action, we acknowledge that certain courts have held that an agency's refusal to issue a declaratory order constitutes final agency action subject to judicial review. *See, e.g., Teleconnect Co. v. Iowa State Commerce Comm'n,* 366 N.W.2d 515, 518 (Iowa 1985) ("Because, in this case, the commission's refusal to issue a declaratory ruling was a final action, all administrative remedies were exhausted."); *Human Rights Party v. Michigan Corr. Comm'n,* 76 Mich. App. 204, 256 N.W.2d 439, 442 (1977) ("[W]e find that a refusal to issue a declaratory ruling under [the state APA] is subject to judicial review as an agency final decision or order in a contested case."). Those cases are distinguishable, however, because the petitions at issue there were not filed in actions already pending before the administrative agencies, nor were previously filed proceedings involving the petitioners still pending before such agencies.

¶ 32 Accordingly, we conclude that the Order did not constitute final agency action under section 24–4–106(2), and thus we lack jurisdiction over this appeal. *See Colorado Court of Appeals,* 920 P.2d at 814 (holding that a division of the court of appeals acted in excess of its jurisdiction when it ruled on a non-final agency order that did not fall within the "very narrow confines" of section 24–4–106(8), which provides an exception to the rule requiring finality).

## IV. Conclusion

¶ 33 For these reasons, the appeal is dismissed.

Judge ROMÁN and Judge BERNARD concur.